**NOTE: ADDITION MADE TO THIS DOCUMENT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJINDER KUMAR MALHOTRA, an individual; VEENA MALHOTRA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>COPA DE ORO REALTY, LLC, a California limited liability company; RAKESH MALHOTRA, an individual,<br><br>Defendants.<br><br>COPA DE ORO REALTY, LLC, a California limited liability company<br><br>Counter-Claimant,<br><br>v.<br><br>RAJINDER KUMAR MALHOTRA, an individual; VEENA MALHOTRA, an individual,<br><br>Counter-Defendants. | Case No.: CV13-4146 MWF (VBKx)<br><br>*Hon. Michael Fitzgerald*<br><br>**AMENDED [PROPOSED] PROTECTIVE ORDER**<br><br>**[Discovery Motion: Referred to Magistrate Judge Victor B. Kenton]**<br><br>Complaint Filed: June 10, 2013<br>First Amended Counterclaim Filed: November 4, 2013<br>FAC Filed: February 3, 2014<br>Trial Date: November 18, 2014 |

1015624

Pursuant to the Amended Stipulation for Protective Order entered into between between Rajinder Kumar Malhotra and Veena Malhotra ("Plaintiffs") and Copa De Oro Realty, LLC ("CDO") (collectively, the "Parties"), and for good cause shown, the Court issues the following protective order governing the handling of documents, deposition transcripts, and other documents filed, produced or otherwise disclosed in the above-captioned matter ("Case Material").

1. Good Cause Statement.

Fed. R. Civ. P. 26(c)(1)(G) permits a court, upon a showing of good cause, to issue an order protecting confidential or commercially sensitive information from disclosure. Federal courts have interpreted Rule 26(c) to protect information that would harm the disclosing party by placing it at a commercial disadvantage. "Good cause" may be shown in the context of Rule 26(c) by showing that disclosure would violate a privacy interest or demonstrating that the material sought to be protected is confidential and that disclosure will create a competitive harm for the party. *In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d 417, 424 (9th Cir. 2011); *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 555 (C.D.Cal. 2007).

The materials sought to be covered by this protective order consist of proprietary information regarding business dealings and relationships among the Parties to this litigation and certain third parties. In order to avoid compromising the business relationships between the Parties to this litigation and certain third parties, the Parties seek to avoid disclosure to the public, via court records or otherwise, of confidential business contracts and agreements. In addition, the materials sought to be covered by this protective order also consist of information regarding the Parties' finances and thus the Parties have a privacy interest in protecting this information from public disclosure. Further, the Parties will not be prejudiced in any way by the entry of the stipulated protective order, as the Parties'

counsel will be provided with all documents classified as "Confidential" for the purposes of discovery and trial preparation.

More specifically, this action involves documents and communications which reflect or contain non-public financial, personal, or business information, including without limitation the following:

    a. Confidential and non-public financial records, including, but not limited to, bank statements, investment statements, income statements, balance sheets, credit card statements, wiring instructions, escrow statements, and loan documents;

    b. Proprietary and confidential business information, including, but not limited to, leases, rental rates, purchase and sale agreements, bank statements, investment statements, income statements, balance sheets, operating agreements, trust documents, real estate inspection reports, listing agreements, confidentiality and non-disclosure agreements, insurance policies, offers and counteroffers, and loan applications; and

    c. Confidential and private information of individuals and entities that are not parties to this litigation and which is subject to the right of privacy.

Pursuant to Fed. R. Civ. P. 26(c) and 29, good cause therefore exists for entry of this Order because the Parties to this action (i) either have sought or might seek the discovery of certain information in this action that the Parties believe in good faith is sensitive or confidential, (b) believe that unrestricted disclosure or dissemination of such information could cause them some business, commercial, and/or personal injury, (c) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (d) have agreed to such means as set forth herein.

2.    <u>Designation of "CONFIDENTIAL" Material.</u>

Designation of any Case Material as material protected by this Order shall be made by placing or affixing on the Case Material, in a manner which will not

interfere with its legibility, the word "CONFIDENTIAL" pursuant to Paragraph 2(a) below.

(a) Any Party (hereinafter "Designating Party") may designate any Case Material as "CONFIDENTIAL" under the terms of this stipulation and order if the Designating Party believes in good faith that such Case Material contains non-public, confidential, proprietary, or commercially or personally sensitive information related to financial, marketing or business plans, strategies or projections; proposed strategic transactions or other business combinations; business or asset appraisal information; trade secrets or other commercially sensitive business or technical information; confidential information provided by a third party; information concerning settlement discussions, demands, or offers; personal financial information; business financial information.  Except as provided herein, and to the extent possible, the designation of Case Material as "CONFIDENTIAL" shall be made prior to, or contemporaneously with, the production or disclosure of that material.

(b) Information that is in the public domain or otherwise publicly available shall not be deemed "CONFIDENTIAL" material, notwithstanding a Party's designation of the information as such.  Additionally, information that is already known by or available to both Plaintiffs and Defendant may, if appropriate, be designated and treated as "CONFIDENTIAL" material.

(c) In the event that CONFIDENTIAL material is inadvertently not designated as such, the receiving Party, upon notice from the Party claiming confidentiality, will designate and treat the material as "CONFIDENTIAL" material from that point forward.

3. <u>Deposition Transcripts and Videotapes.</u>

(a) Portions of depositions of a Party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed

1  "CONFIDENTIAL" material if they are designated as such when the deposition is
2  taken.

3  (b)   Any portion of any deposition that uses or refers to
4  "CONFIDENTIAL" material shall automatically be deemed as such without the
5  necessity of having counsel so designate.

6  (c)   In addition to the above provisions, counsel for the Parties shall
7  have 30 days from the date of receipt of any deposition transcript or videotape to
8  designate any portion of such transcript or videotape as "CONFIDENTIAL"
9  material.

10  4.   Scope of Protective Order.

11  Any Case Material designated as "CONFIDENTIAL" material under this
12  Stipulation and Protective Order shall not be used or disclosed by the Parties or
13  counsel for the Parties or any other persons receiving any such materials pursuant to
14  the terms hereof (including persons identified in paragraphs 5 and 6 below) for any
15  purposes whatsoever other than preparing for and conducting the litigation in which
16  the materials were disclosed (including appeals).

17  5.   Disclosure of "CONFIDENTIAL" Material.

18  The Parties and counsel for the Parties shall not disclose or permit the
19  disclosure of any "CONFIDENTIAL" material under the Protective Order to any
20  other person or entity, except that disclosures may be made as follows:

21  (a)   Disclosure of "CONFIDENTIAL" material may be made to
22  counsel and employees of counsel for the Parties only to the extent that such persons
23  have direct functional responsibility for the preparation and trial of the lawsuit (or
24  any appeal therefrom).  Any such employee to whom counsel for the Parties makes
25  a disclosure shall be advised of, and become subject to, the provisions of the
26  Protective Order requiring, among other things, that the "CONFIDENTIAL"
27  material be treated as provided for in this Protective Order.
28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

   (b) Disclosure of "CONFIDENTIAL" material may be made to Parties and employees of a Party only to the extent that the Party believes in good faith that such employee is required to provide assistance in the conduct of the litigation.  Any such person shall be advised by counsel of the Protective Order and shall be subject to the provisions hereof requiring, among other things, that such material be treated as provided for in this Protective Order.

   (c) Disclosure of "CONFIDENTIAL" material may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree in writing, pursuant to Paragraph 6 below, to be bound by the terms of this Protective Order.

   (d) Disclosure of 'CONFIDENTIAL" material may be made to consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to collectively as "experts").  Prior to disclosure to any person listed in this subparagraph, such person must agree in writing, pursuant to Paragraph 6 below, to be bound by the provisions of this Protective Order.

   (e) Disclosure may be made to witnesses at a deposition in the preparation and trial of the lawsuit only if they agree in writing, pursuant to Paragraph 6 below, to be bound by the provisions of this Protective Order.

   6. <u>Disclosure to Persons Other than Counsel and Parties.</u>

Each person given access to "CONFIDENTIAL" material pursuant to Paragraphs 5(c) through 5(e) herein shall be advised in advance that such "CONFIDENTIAL" material is being disclosed subject to the terms of the Protective Order.  Before being provided with a copy of any Confidential Material, each such person shall be provided with a copy of the Protective Order entered on

1 this Stipulation and shall execute a non-disclosure agreement in conformity with
2 Attachment A of this Stipulation.

3      7. <u>Possession and Security of Material.</u>

4 Except as provided in Paragraphs 5 and 6 herein, counsel for the Parties shall
5 keep all materials designated as "CONFIDENTIAL" material which are received
6 under this Protective Order secure within their exclusive possession and shall place
7 such materials in a secure area.

8      8. <u>Subpoenas.</u>

9 If any Party is served with a subpoena requiring the served Party to produce
10 the "CONFIDENTIAL" material, notice by the Party served shall promptly be given
11 to the Party claiming the confidentiality of the material, and the Party served shall
12 (with the reasonable cooperation of all Parties) be responsible to ensure that such
13 materials are not disclosed except in accordance with this Protective Order.

14      9. <u>Copies.</u>

15 All copies, duplicates, extracts, summaries, or descriptions (hereinafter
16 referred to collectively as "copies") of "CONFIDENTIAL" material, or any portion
17 thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word
18 does not already appear.

19      10. <u>Use of Material in Litigation and Trial.</u>

20      (a) The Parties shall comply with Rule 79-5 of the Local Rules for
21 the Central District of California in connection with filing or lodging with the Court
22 documents or information designated as "CONFIDENTIAL" material. Such
23 documents or information shall be sealed in a clearly marked envelope and opened
24 only upon further direction from the Court. No documents filed under seal shall be
25 made available to third parties or the public except by further order of this Court or
26 in accordance with the terms of this Order.

27      (b) No information may be withheld from discovery on the ground
28 that the material to be disclosed requires protection greater than that afforded by

1  paragraph 9, subdivision (a) of the Protective Order unless the Party claiming a need
2  for greater protection moves for and obtains from the Court an Order providing such
3  special protection.  Any such motion must be made within 30 days of service of the
4  response claiming the need for greater discovery.

5          (c)    The designation of Case Material by a Party as
6  'CONFIDENTIAL" material may be challenged by any Party upon noticed motion.
7  The movant must accompany such a motion with a statement showing a reasonable
8  and good faith attempt at an informal resolution of each issue presented by the
9  motion.

10         (d)    Within 60 days after the conclusion of the litigation (including
11 any appeals), all "CONFIDENTIAL" material, including all copies as defined in
12 paragraph 8, shall be returned to the originating Party.  If the Parties so stipulate, the
13 materials may be destroyed.

14      11.    <u>Privileged Documents.</u>

15      Nothing contained in the Protective Order is intended to require the
16 production of documents that are irrelevant or not reasonably calculated to lead to
17 the discovery of relevant or admissible evidence or that involve unreasonable
18 burden.

19      ¶5. Add: "The Court and Court personnel."

21      IT IS SO ORDERED.

23 DATED:  March 11, 2014        By:              /s/
24                                   The Honorable Victor B. Kenton
                                     United States Magistrate Judge

1015624

7

AMENDED [PROPOSED] PROTECTIVE ORDER

ATTACHMENT "A"

NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am aware of the terms of the Amended Stipulation For Protective Order and the Protective Order entered in Rajinder Kumar Malhotra, et al., v. Copa De Oro Realty, LLC, *et al.*, USDC C.D. California Case No. CV 13 4146 MWF (VBKx), and hereby agree to comply with and be bound by the terms and conditions of said Amended Stipulation and Protective Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing such Amended Stipulation and Protective Order. I also understand that any violation of the Amended Stipulation and Protective Order by me or anyone acting under my direction may be subject to penalties for contempt.

DATED:_____

_____
(Signature)

1015624

AMENDED [PROPOSED] PROTECTIVE ORDER

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is chereese.campbell@bryancave.com.

On March 4, 2014, I served the foregoing documents, described as,

**AMENDED [PROPOSED] PROTECTIVE ORDER**

on the following interested parties in this action, as follows:

| | |
|---|---|
| Aaron J. Malo, Esq.<br>Sean P. O'Connor, Esq.<br>Daniel P. Bane, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, CA  92626-1993 | *Attorneys for Defendant*<br>*COPA DE ORO REALTY, LLC*<br><br>Tel.:  714-513-5100<br>Fax:  714-513-5130<br>amalo@sheppardmullin.com<br>soconnor@sheppardmullin.com<br>dbane@sheppardmullin.com |

☒ **VIA ELECTRONIC SERVICE :** By electronic filing with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing (NEF) to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action.

☒ **FEDERAL ONLY :** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2014, at Santa Monica, California.


  */s/ Chereese Campbell*
  Chereese Campbell

1017280

PROOF OF SERVICE