UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-4146-MWF (VBKx)            Date:  June 5, 2014
Title:    Rajinder Kumar Malhotra, et al. -*v*- Copa de Oro Realty, LLC, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT RAKESH MALHOTRA'S MOTION TO DISMISS BREACH OF CONTRACT CAUSE OF ACTION [63]

   This matter comes before the Court on the Motion to Dismiss Breach of Contract Cause of Action Pursuant to FRCP 12(b)(6) (the "Motion"), filed by Defendant Rakesh "Rocky" Malhotra. (Docket No. 63).  The Court has read and considered the papers, and a hearing was held on June 2, 2014.  The Motion is **DENIED**.

   The issue here is whether the First Amended Complaint ("FAC") was filed within the two-year statute of limitations for an oral contract.  Under California law, an action on an oral contract accrues when the plaintiff knew or should have known of the alleged breach.  A motion to dismiss can only be granted if, under the facts alleged, the action could not have arisen within the limitations period.  Rocky fails to carry this high burden.  While Defendant Rocky Malhotra advances a tenable argument that Plaintiffs learned of the alleged breach more than two years ago, that is not the only plausible interpretation of the facts alleged in the FAC.

**Background**

   The breach of contract claim, the fifth claim for relief in the FAC. (Docket No. 39), alleges that Rocky breached an oral agreement with his father, Rajinder Kumar Malhotra.  (FAC ¶¶ 184-201).  The basic terms of the agreement are alleged as follows:

---

**CIVIL MINUTES—GENERAL**                                                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-13-4146-MWF (VBKx)**                **Date:  June 5, 2014**
**Title:**    Rajinder Kumar Malhotra, et al. -*v*- Copa de Oro Realty, LLC, et al.

Rocky, who had control over both Defendant Copa de Oro Realty LLC ("CDO") and a trust called the CDO 2008 Trust, would transfer all shares in CDO from the CDO 2008 Trust to the newly created CDO 2011 Trust.  (*Id.* ¶¶ 60, 62).  While Rocky had been the beneficiary of the CDO 2008 Trust, Rocky's mother, Plaintiff Veena Malhotra, was to be named the beneficiary of the CDO 2011 Trust.  (*Id.* ¶ 62).  On the understanding that CDO would be wholly owned by the CDO 2011 Trust for the benefit of Veena, Plaintiffs would authorize the transfer of $25,007,000 from the Arbonne Establishment to CDO, to be used for the purchase of three properties in the Bel Air area of Los Angeles (the "Bel Air Properties").  (*Id.* ¶¶ 37, 40).  Plaintiffs allege that Rocky caused the Bel Air Properties to be purchased, but did not cause beneficial ownership of the properties to be transferred to Veena.

Plaintiffs further allege that Rocky is contractually barred from owning any legal or beneficial interest in the Bel Air Properties because the properties were purchased using proceeds of a sales agreement (the "SSD"), to which both Rocky and Rajinder were parties.  The SSD allegedly contains a provision in which Rocky warrants that "neither he nor any vehicle, trust, foundation or person which is controlled by him and in relation to which he is a beneficiary ("RM Vehicle") . . . has, and undertakes that neither he nor any RM Vehicle will, receive any proceeds of the transactions contemplated [herein]."  (FAC ¶ 22, SSD section 14.6).

**Motion to Dismiss**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-4146-MWF (VBKx)     Date:  June 5, 2014
Title:     Rajinder Kumar Malhotra, et al. -v- Copa de Oro Realty, LLC, et al.

The Motion is solely based on the argument that the two-year statute of limitations applicable to claims for breach of oral contracts under California law bars a the breach of contract claim against Rocky.  Cal. Code Civ. Proc. § 339.  Under § 339, any "action upon a contract, obligation or liability not founded upon an instrument of writing" must be brought within two years of the time that the plaintiff knew or should have known "the facts that constituted the breach of defendant's duty."  *Amen v. Merced Cnty. Title Co.*, 58 Cal. 2d 528, 534, 25 Cal. Rptr. 65 (1962).

The FAC was filed, and Rocky added as a party, on February 3, 2014.  Rocky argues that Plaintiffs' breach of contract claim accrued, at the latest, in September 2011.  Plaintiffs advance a number of bases to oppose this argument, but their strongest argument is that the FAC adequately pleads that the breach of contract claim did not accrue until February 29, 2012.  Because the FAC plausibly pleads that the claim accrued less than two years before the FAC was filed, the Motion must be denied.

### Accrual of the Breach of Contract Claim

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only if "the running of the statute is apparent on the face of the complaint."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks and citation omitted).  Accordingly, the critical question here is not when Plaintiffs in fact knew or should have known of the alleged breach of contract—a disputed factual issue that cannot be resolved on a motion to dismiss.  Rather, in order for the Motion to succeed, it must be clear from the face of the FAC that the breach of action claim could not have accrued on or after February 3, 2012.  Rocky has a heavy burden of showing there is no plausible interpretation of the FAC under which a breach of contract claim could have arisen within the limitations period.  He has failed to carry this burden.

The FAC alleges that under the terms of the oral contract, Rocky was required to transfer all shares of CDO from the CDO 2008 Trust to the CDO 2011 Trust and transfer his beneficial interest in the CDO 2011 Trust to Veena.  CDO would purchase the Bel Air Properties "pursuant to a structure in which the properties are held for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-4146-MWF (VBKx)					Date:  June 5, 2014
Title:	Rajinder Kumar Malhotra, et al. -v- Copa de Oro Realty, LLC, et al.

beneficial interest of" Veena.  (FAC ¶ 62).  Plaintiffs allege that on February 29, 2012, they learned that "Defendants had never caused [CDO] to be transferred from the CDO 2008 Trust into the CDO 2011 Trust[,] contrary to numerous representations that had been made during the previous year by Defendants and their agents to Plaintiffs and their agents, all of which led Plaintiffs . . . to believe that ownership of [CDO] had been transferred to the newly formed CDO 2011 Trust."  (*Id.* ¶ 100).

Rocky argues that under the terms of the contract alleged in the FAC, the Bel Air Properties were intended to be purchased and immediately held for the benefit of Veena, not subsequently transferred at a later date.  Therefore, he argues, Plaintiffs became aware of a breach of contract as soon as they knew that Rocky held the beneficial interest in the Bel Air Properties.

Rocky points to paragraphs in the FAC discussing conversations between Plaintiffs, Rocky, and their respective agents.  Paragraph 193 alleges that Heidi Liss "described the intended structure of the CDO 2011 Trust" and instructed Rocky that "*after*" the CDO 2008 Trust distributed ownership of CDO to the CDO 2011 Trust, Rocky "can assign the contract to purchase [the Bel Air Properties] to CDO."  (*Id.* ¶ 193 (emphasis added)).  According to the FAC, CDO would purchase the Bel Air Properties "pursuant to a structure in which the properties are held for the beneficial interest of" Veena.  (*Id.* ¶ 62).  Rocky contends that these paragraphs show that any breach must have occurred as soon as Rocky owned a beneficial interest in the Bel Air Properties, since the contract contemplated that the properties would be held at all times for the beneficial interest of Veena.

Following this logic, Rocky argues that the allegations of the FAC conclusively establish that Plaintiffs were aware of the alleged breach of contract by September 2011.  Paragraph 97 alleges that "before, during and after September 2011, [Rocky or his agent] informed [Plaintiffs' agents] that because the transfers potentially violated SSD Section 14.6, the structure of the trust holding [CDO] would be amended so that the properties were not beneficially owned by [Rocky]."  (*Id.* ¶ 97).  Rocky suggests that this allegation, if true, means that Plaintiffs were aware in September 2011 that the properties *were* beneficially owned by Rocky.  Because Rocky's beneficial ownership

_____

**CIVIL MINUTES—GENERAL**					4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-4146-MWF (VBKx)            Date:  June 5, 2014
Title:     Rajinder Kumar Malhotra, et al. -v- Copa de Oro Realty, LLC, et al.

of the properties at any time was a breach of the purported oral agreement, Rocky argues, Plaintiffs' breach of contract claim must have accrued by September 2011.

Taken in the light most favorable to Plaintiffs, however, the FAC does not allege that Rocky's ownership of any beneficial interest in the Bel Air Properties violated the oral agreement.  It only alleges that the properties would be purchased "pursuant to a structure" under which Veena would hold the beneficial interest.  There is no allegation that Veena must hold the beneficial interest in the properties at all times, or that Rocky would breach the oral contract by purchasing the properties and later transferring the beneficial interest to Veena.  While Rocky's ownership of the properties at any time would have (according to the FAC) violated the SSD, it is not clear from the face of the FAC that it would have violated the oral agreement.

In contrast, the FAC does explicitly allege that ownership of CDO was to be transferred from the CDO 2008 Trust to the CDO 2011 Trust.  The FAC alleges that Plaintiffs first became aware that this transfer had not occurred on February 29, 2012.  The Complaint thus plausibly alleges that this breach of contract claim accrued on February 29, 2012, within the applicable statute of limitations.

Before the Court can determine whether Plaintiffs' breach of contract action against Rocky is barred by the statute of limitations, it must determine: (a) whether the oral contract was validly formed; (b) the terms of the oral contract, including both the parties' substantive obligations and the time for performance of those obligations; and (c) when Plaintiffs in fact knew or should have known facts that constituted a breach of the oral agreement.  These factual questions cannot be answered at this time.  For purposes of the present Motion, it suffices that the FAC does not state on its face that the statute of limitations has run.  Therefore, the Motion is **DENIED**.

The Court will briefly address Plaintiffs' further arguments in opposition to the Motion.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-4146-MWF (VBKx)					Date:  June 5, 2014
Title:	Rajinder Kumar Malhotra, et al. -v- Copa de Oro Realty, LLC, et al.

### Written Agreement

The Court need not and does not determine whether this claim is actually for breach of SSD section 14.6, and thus subject to a four-year limitations period. Preliminarily, it appears that the alleged damages arise from Rocky's alleged breach of the oral agreement that the Bel Air Properties would be held in trust for the benefit of Veena, regardless whether the parties entered into that oral agreement "mindful of the provisions of SSD Section 14.6."  (FAC ¶ 63).

Likewise, the Court takes no position on the applicability as to Rajinder and Rocky of an arbitration clause in the SSD.

### Relation Back

Plaintiffs argue that the FAC relates back to the original Complaint, since the breach of contract claim against Rocky arises from the same conduct set forth in the original Complaint, and Rocky received notice of the claim and should have anticipated being required to defend the claim on the merits.  Plaintiffs do not, however, establish that the third prong of the Rule 15(c) test is met: that the new defendant "should have known that, 'but for a mistake concerning the proper party's identity,' [he] would have been named in the original complaint."  Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 8:1635 (The Rutter Group 2014) (quoting Fed. R. Civ. P. 15(c)(3)).  Plaintiffs have not shown, and of course cannot credibly suggest, that they were mistaken about their son's identity.

Since the California statute of limitations applies to the breach of contract claim, the state relation-back rule could also apply here.  *See* Fed. R. Civ. P. 15(c)(1)(A).  The parties have not briefed whether California's relation-back rules would permit the FAC's claim against Rocky to relate back to the original Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-4146-MWF (VBKx)				Date:  June 5, 2014
Title:	Rajinder Kumar Malhotra, et al. -v- Copa de Oro Realty, LLC, et al.

### Ongoing Breaches of Contract

Plaintiffs argue that each rental payment that Rocky receives derived from the Bel Air Properties constitutes an individual, separate breach of contract.  This argument is based on *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1388-89 (2004), which states that each claim for breach of a divisible contract accrues at the time of the individual breach.  That case is inapplicable to Plaintiffs' claim.  The oral agreement between Rocky and Rajinder does not contemplate rental payments and thus receipt of the payments is not a "breach of a divisible part" of the contract.  *Id.* at 1389 (citation and internal quotation marks omitted).

### Authenticity Objection

Plaintiffs' objection to the authenticity of the excerpts of the SSD attached to the Declaration of Daniel Bane is moot because Rocky has submitted his own declaration in support of the Reply attaching the entire SSD.  (Declaration of Rakesh Malhotra Ex. A (Docket No. 73-1)).  It is undisputed that Rocky has personal knowledge of the authenticity of the SSD, to which he was a party.

### Violation of Prior Order

Plaintiffs argue that the filing of the Motion rather than an Answer violates the Court's Order dated April 22, 2014, which stated, "Defendants should file an Answer to the FAC on or before May 12, 2014."  (Docket No. 56, at 9).  Read in connection with the Court's prior stipulated Order dated April 11, 2014, which provided terms for Rocky's "time to respond to the First Amended Complaint," it was not the Court's intention to limit Rocky's right to bring a Rule 12(b)(6) motion.

### Violation of Local Rule 7-3

Plaintiffs argue that the Motion should be denied because Rocky and his counsel failed to meet and confer as required by Local Rule 7-3.  (Opp. at 5).  The parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-4146-MWF (VBKx)            Date:  June 5, 2014
Title:      Rajinder Kumar Malhotra, et al. -v- Copa de Oro Realty, LLC, et al.

dispute whether and to what extent any conference of counsel occurred.  This Court takes the meet and confer requirement of Local Rule 7-3 seriously, and ordinarily would consider denying a motion for failing to meet and confer.  However, it is not clear that there was a violation.  In addition, Plaintiffs were not prejudiced by any failure to meet and confer.  No conference would have overcome the disagreement of the parties on the law and, obviously, Plaintiffs were able to prepare an opposition sufficient to defeat the Motion.

Accordingly, the Motion will not be denied for failure to meet and confer, and Plaintiffs' request for attorneys' fees is **DENIED**.

**Conclusion**

For the reasons stated above, the Motion is **DENIED**.  The deadline for Rocky's Answer is **June 16, 2014**.  This Order is without prejudice to Rocky's ability to bring a motion to compel arbitration.

IT IS SO ORDERED.